UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LISA HELGET, | Case No. 3:17-cv-00282-LRH-(WGC) |
| Plaintiff, | ORDER |
| v. | |
| ANGEL VATHAYANON; LYON COUNTY ANIMAL SERVICES; and U.S. FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

Before the court is defendant U.S. Fish and Wildlife Service's ("USFWS") motion to dismiss. ECF No. 9. For the reasons below, the court shall grant USFWS's motion and dismiss it as a defendant in this action.

**I.    Procedural Background**

Plaintiff Lisa Helget ("Helget") is a resident of Dayton, Nevada, and the former legal custodian of a desert tortoise named Hardhat[1]. Helget alleges that defendant Angel Vathayanon ("Vathayanon") wrongfully took possession of Hardhat from Lyon County Animal Services ("LCAS") after the latter recovered Hardhat from the property of a Dayton resident.[2] Helget filed

---

[1] The Desert Tortoise is a protected species in Nevada and individuals may not possess them as pets. However, individuals may act as a "custodian" to a Desert Tortoise through a process approved by the Nevada Department of Wildlife (NDOW). *See* NAC 503.093.

[2] Hardhat disappeared from Helget's property in early June 2016. Helget assumed that Hardhat burrowed underneath a shed in the backyard to escape the summer heat. On or about June 15, 2016, a Dayton resident contacted LCAS to remove a Desert Tortoise, later identified as Hardhat, from the resident's property. On June 24, 2016, Vayathanon approached LCAS as the president of the Reno Tahoe Rescue Society and offered to take Hardhat and find a foster home for him. Hardhat was later adopted by an unnamed party. *See* ECF No. 1-2 at 2–3.

a claim in state court seeking injunctive relief requiring Vathayanon to identify the person who later adopted Hardhat and for the replevin of Hardhat. *See* ECF No. 1. Helget then amended her complaint to add USFWS and LCAS as defendants. Subsequently, USFWS removed this case to federal court and now brings the present motion to dismiss. ECF No. 9.

**II.     Discussion**

In its motion to dismiss, USFWS contends that it is entitled to sovereign immunity from suit and, as such, should be dismissed as a defendant from this action. *See* ECF No. 4. The court agrees.

Before a court exercises jurisdiction over a suit against the government, the court must have "a clear statement from the United States waiving sovereign immunity, [along with] a claim falling within the terms of the waiver." *U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Unless and until a waiver of sovereign immunity is presented, the United States may not be sued. *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). Government agencies also enjoy sovereign immunity; however, many federal statutes permit suits by private citizens against the agency when that agency fails to take action or to require an agency to take action. *See Bennett v. Spear*, 520 U.S. 154, 160–167 (1996) (discussing the citizen suit provision of the Endangered Species Act).

Here, defendant USFWS is a federal agency entitled to sovereign immunity and Helget fails to cite any federal statute waiving sovereign immunity. Helget only cites to NAC chapter 503, a provision of the Nevada Administrative Code which lists protected species of reptiles, including the Desert Tortoise. However, there is no provision within chapter 503 that permits a suit against the USFWS or otherwise permits a party to join the USFWS in an action under the Nevada statute. Rather, chapter 503 covers the duties of the Nevada Department of Wildlife. Further, there has been no showing that the USFWS is a necessary party in Helget's replevin action and the USFWS has asserted that it has no interest in the underlying action. Therefore, the court shall grant USFWS's motion to dismiss.

This action is before the court because USFWS, as a federal agency, removed the case to federal court pursuant to 28 U.S.C. § 1442(a). The dismissal of the USFWS as a defendant will

2

deprive the court of its original jurisdiction over this action, and the court specifically declines to exercise supplemental jurisdiction over Helget's state law claims. Accordingly, this case shall be remanded back to the state court for further proceedings.

IT IS THEREFORE ORDERED that defendant U.S. Fish and Wildlife Service's motion to dismiss (ECF No. 9) is GRANTED. The U.S. Fish and Wildlife Service is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that this action be remanded to the Second Judicial District Court of the State of Nevada for further proceedings.

IT IS SO ORDERED.

DATED this 8th day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE